**TRANSCONTINENTAL & WESTERN AIR, Inc., v. PARKER.**

No. 12880.

Circuit Court of Appeals, Eighth Circuit.

Oct. 5, 1944.

Spurgeon L. Smithson, of Kansas City, Mo. (Bert E. Church and Tom J. Stubbs, both of Kansas City, Mo., on the brief), for appellant.

John W. Hudson, of Kansas City, Mo., for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an action brought by the appellee to recover from the appellant the death benefits promised by the terms of a written contract of employment which was entered into on July 20, 1942, by appellee's husband, Alton N. Parker, as "employee", with the appellant, as "employer". The contract was made in Missouri, and specified, among other things, that the employer would provide workmen's compensation benefits equal to the maximum benefits prescribed in the Workmen's Compensation Law of Missouri, Mo.R.S.A. § 3689 et seq., and that "such benefits shall be payable to Employee or his dependents in the same manner as that provided in said law * * *." The contract provided that "In event the injury to Employee resulting in disability or death occurs at or about the place where Employee's services are being rendered, or during transportation to or from such place, such injury shall be presumed to have arisen out of and in the course of employment whether employee then actually was so engaged, provided, that no benefits shall be payable if the injury or death was occasioned solely by the intoxication of the Employee."

The contract contained an arbitration clause reading as follows: "Except as otherwise specifically provided in this agreement, all disputes between Employer and Employee concerning questions of fact arising under this contract shall be decided by a Contracting Officer of the Government or his duly authorized representative or successor (or, if there then be no Contract-

736

ing Officer, by such person, if any, as may be designated by the Secretary of War for the purpose) subject to written appeal by either party within thirty (30) days to said Secretary of War or his duly authorized representative, whose decision shall be final and conclusive upon the parties hereto."

In her complaint, the appellee alleges that she is the widow of Alton N. Parker, who died on or about November 30, 1942, and who had entered into the contract of employment referred to with the appellant; that, while the contract was in force, appellee's husband, "at or about" the place where his services were being rendered, received an injury resulting in his death; that the Workmen's Compensation Law of Missouri in such a case prescribes maximum benefits of 66⅔ per cent of the employee's weekly earnings during the year preceding his injury, multiplied by 300; that the weekly earnings of Alton N. Parker were $275; and that the appellee is therefore entitled to recover from the appellant the total sum, including $150 for burial expenses, of $55,140. Jurisdiction is based upon diversity of citizenship.

The appellant did not file an answer to the complaint, but, within the time to plead as extended by the court, filed a motion to stay the trial under § 3 of Title 9 U.S.C.A.[1] In its motion, the appellant, in substance, asserted that there were two disputed questions of fact in the case: (1) Did Alton N. Parker, while at or about the place where his services were being rendered, receive an injury which resulted in his death? (2) Were the weekly earnings of Parker $275? At the hearing upon its motion, the appellant produced evidence that there was a controversy between the parties as to those matters. The District Court denied the appellant's motion, and ruled, in effect, that the arbitration clause of the contract was expressly limited to disputes "between Employer and Employee" and did not cover disputes between the employer and a dependent of the employee suing in her own right.

Obviously, the controversy concerning the right of the appellee to recover the benefits provided for her by the terms of the contract is not a dispute between "Employer and Employee", but a dispute between a beneficiary of the contract and the employer. Neither the employee nor the beneficiary, the appellee, had contracted with the employer for the submission of such a dispute to arbitration. If the parties to the contract of employment had intended to include such disputes in the arbitration clause, the words "between Employer and Employee" should have been omitted from the clause. There is no basis for assuming that the clause as written does not fully and accurately express the intent of the parties to the contract. In the absence of the arbitration clause, no dispute arising under the contract would have been "referable to arbitration". The effect of the arbitration clause was to make only such disputes as were specified in it "referable to arbitration". Since the clause was not broad enough to cover the present controversy between the appellant and the appellee, it follows that the appellant was not entitled to a stay of the trial of the action.

It is, of course, elementary that courts are without power to modify contracts or to distort the plain meaning of the language used by the parties to them. Liggett v. Levy, 233 Mo. 590, 136 S.W. 299, 302, Ann.Cas.1912C, 70; State ex rel. Studebaker Corporation of America v. Trimble, 295 Mo. 667, 247 S.W. 119, 122; Prange v. International Life Ins. Co. of St. Louis, 329 Mo. 651, 46 S.W.2d 523, 526, 80 A.L.R. 950, 957; 12 Am.Jur., Contracts, § 228; 17 C.J.S., Contracts, § 296, pages 702-707.

The order appealed from is affirmed.

---

[1] § 3, Title 9 U.S.C.A., provides: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."